J-S30001-21
J-S30002-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON E. HOWEY | : | |
| | : | |
| Appellant | : | No. 142 MDA 2021 |

Appeal from the Judgment of Sentence Entered December 22, 2020
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0000845-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON E. HOWEY | : | |
| | : | |
| Appellant | : | No. 143 MDA 2021 |

Appeal from the Judgment of Sentence Entered December 22, 2020
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0000846-2020

BEFORE:   BENDER, P.J.E., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY BENDER, P.J.E.:               **FILED OCTOBER 01, 2021**

Appellant, Jason E. Howey, appeals from the judgments of sentence, entered in two separate cases, after he pled guilty to two counts of possession with intent to deliver ("PWID") (heroin and cocaine) in the case docketed at CP-35-CR-0000845-2020 ("case 845-2020"), and one count of harassment in

---

[*] Retired Senior Judge assigned to the Superior Court.

the case docketed at CP-35-CR-0000846-2020 ("case 846-2020").[1] Herein, Appellant seeks to challenge the discretionary aspects of his sentences, alleging that his aggregate term of 42 to 120 months' incarceration, plus 4 years' probation (imposed in case 845-2020), and his fine of $300 (imposed in case 846-2020), are excessive and an abuse of the court's discretion. Additionally, Appellant's counsel, Donna M. DeVita, Esq., seeks to withdraw her representation of Appellant, in each of his two cases, pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). After careful review, we affirm Appellant's judgments of sentence and grant counsel's petitions to withdraw.

The facts of Appellant's underlying PWID and harassment convictions are not pertinent to his present appeals. We need only note that he entered open guilty pleas to the above-stated crimes on September 28, 2020. On December 22, 2020, the court sentenced him to consecutive terms of 21 to 60 months' incarceration, plus 2 years' probation, for each of his PWID convictions, and a fine of $300 for his harassment offense. Appellant did not file post-sentence motions. On January 19, 2020, he filed a timely notice of appeal in each of his two cases. He also timely complied with the trial court's orders to file Pa.R.A.P. 1925(b) concise statements of errors complained of on appeal. The court filed identical Rule 1925(a) opinions in both cases on June 14, 2021.

---

[1] Appellant raises related issues in his two cases and, thus, we hereby consolidate his appeals for ease of disposition.

- 2 -

On July 27, 2021, Attorney DeVita filed with this Court two petitions to withdraw from representing Appellant in each of his cases. That same day, counsel also filed **Anders** briefs, stating that Appellant wished to raise the following issue in both cases: "Whether the sentences imposed were harsh and excessive." **Anders** Brief in Case 845-2020 at 4; **Anders** Brief in Case 846-2020 at 4. Attorney DeVita concludes that Appellant's challenges to his sentences are frivolous, and that he has no other, non-frivolous issues he could pursue herein. Accordingly,

> this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:

>> (1) provide a summary of the procedural history and facts, with citations to the record;

>> (2) refer to anything in the record that counsel believes arguably supports the appeal;

>> (3) set forth counsel's conclusion that the appeal is frivolous; and

>> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

> **Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief."

> ***Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa. Super.
> 2007), *appeal denied*, … 936 A.2d 40 ([Pa.] 2007).

***Commonwealth v. Orellana***, 86 A.3d 877, 879-80 (Pa. Super. 2014).  After determining that counsel has satisfied these technical requirements of ***Anders*** and ***Santiago***, this Court must then "conduct a simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated."  ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In this case, Attorney DeVita's ***Anders*** briefs comply with the above-stated requirements.  Namely, she includes summaries of the relevant factual and procedural histories, she refers to portions of the record that could arguably support Appellant's claims, and she sets forth her conclusion that Appellant's appeals are frivolous.  She also explains her reasons for reaching those determinations and supports her rationale with citations to the record and pertinent legal authority.  Attorney DeVita also states in her petitions to withdraw that she has supplied Appellant with copies of her ***Anders*** briefs.  Additionally, she attached to her petitions to withdraw letters directed to Appellant, informing him of the rights enumerated in ***Nischan***.  Accordingly, counsel has complied with the technical requirements for withdrawal.  We will now independently review the record to determine if Appellant's issues are frivolous, and to ascertain if there are any other, non-frivolous claims he could pursue on appeal.

According to Attorney DeVita, Appellant seeks to argue that his terms of incarceration, and his fine of $300, are excessive.

> A challenge to an alleged excessive sentence is a challenge to the discretionary aspects of a sentence. Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.

***Commonwealth v. Ahmad***, 961 A.2d 884, 886 (Pa. Super. 2008) (internal citations and quotation marks omitted).

Here, Attorney DeVita concludes that Appellant's sentencing challenges are waived because he did not file a post-sentence motion in either case or raise his claims at the combined sentencing proceeding. The certified records confirm that Appellant did not file any post-sentence motions, despite being notified of his right to do so, and the time within which such motions had to be filed. He also did not raise any challenge at the sentencing proceeding. Accordingly, we agree with Attorney DeVita that Appellant's sentencing claims in both cases are waived. ***See id.***; ***Commonwealth v. Griffin***, 65 A.3d 932, 936 (Pa. Super. 2013) ("[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.") (citation omitted). Consequently, it would be frivolous for Attorney DeVita raise those issues on appeal.

Nevertheless, we note that, even if not waived, Appellant's sentencing claims would be frivolous on their merits. To vacate a sentence, we must conclude that the sentencing court committed a manifest abuse of discretion. ***See Commonwealth v. Gould***, 912 A.2d 869, 872 (Pa. Super. 2006).

- 5 -

Presently, the trial court heard defense counsel's arguments regarding the mitigating factors in this case, namely, that Appellant was addicted to drugs at the time he committed his crimes, and that he needed treatment for his addiction issues. N.T. Sentencing, 12/22/20, at 2-3. Defense counsel also stressed that, while Appellant had a prior criminal record, he had not committed a crime for over 10 years before his present offenses. *Id.* at 2. In addition, Appellant spoke to the court, further stressing his need for rehabilitation for his drug addiction. *Id.* at 4.

On the other hand, the court considered factors that weighed against a lenient sentence, as outlined in Appellant's presentence investigation report ("PSI"). In its opinion, the court explained that it

> meticulously reviewed the [PSI] report outlining … Appellant's pertinent personal background, as well as the circumstances of [] Appellant's criminal history. Pointedly, … Appellant possessed a prior record score of [Repeat Felon Offender], committing robbery/theft, simple assault, [Protection From Abuse Act] Contempt Violations, and drug-related offenses since 1995. [] Appellant was unsuccessful in Lackawanna County Domestic Violence Court, relapsing several times by testing positive for morphine. [] Appellant demonstrated a[] continuing incapability to appreciate the wrongfulness of his conduct, which is clear by his failure to ever participate in drug rehabilitation such as attending meetings or working a twelve[-]step recovery program. Appellant also showed he has failed to take his counseling for domestic violence seriously, continuing to violate Protection from Abuse Orders and consume drugs while enrolled in Domestic Violence Court. Appellant has also failed to maintain steady job employment.

Trial Court Opinion ("TCO"), 6/14/21, at 8.

The court also took into account that the standard range sentencing guidelines called for a minimum term of 24 to 36 months' incarceration for Appellant's PWID heroin conviction, and 27 to 40 months' incarceration for his PWID cocaine offense. ***See id.*** at 7. Moreover, Appellant faced statutory maximum terms of 15 and 10 years for his PWID heroin and PWID cocaine convictions, respectively, as well as a 90-day term of incarceration for his harassment offense. ***See*** N.T. Guilty Plea, 9/28/20, at 3.

Despite Appellant's lengthy prior record, his apparent unwillingness to take meaningful steps to rehabilitate from his drug-addiction issues, and the standard-range sentences suggested by the guidelines, the court imposed mitigated-range terms of 21 to 60 months' incarceration for each of Appellant's PWID offenses, and a fine of $300 for his harassment conviction. We recognize that the court directed Appellant's PWID sentences to run consecutively, and it did not state its reasons on the record for fashioning his sentence. Notwithstanding, given the arguments heard by the court, the information contained in the PSI, and the applicable guideline ranges, we would not conclude that Appellant's mitigated-range sentences are manifestly excessive, even had he preserved his sentencing challenges for our review.

Because we discern no other, non-frivolous claims that Appellant could raise on appeal, we affirm his judgments of sentence, and grant counsel's petitions to withdraw, in both of his two cases.

Judgments of sentence affirmed. Petitions to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/01/2021